# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-00297-NPO |
| | CHAPTER 11 |
| OPUS MANAGEMENT GROUP JACKSON, LLC, REORGANIZED DEBTOR | |
| OPUS MANAGEMENT GROUP JACKSON, LLC, IN ITS CAPACITY AS DISBURSING AGENT FOR OPUS MANAGEMENT GROUP JACKSON, LLC, REORGANIZED DEBTOR, | |
| Plaintiff, | |
| v. | ADV. PROC. NO. 18-00010-NPO |
| AMERICAN EXPRESS CENTURION BANK, | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant American Express Centurion Bank ("AECB" or "Defendant") submits this *Answer and Affirmative Defenses* in response to the Plaintiff's *Complaint* [Dkt. No. 1] ("Complaint") in the above-captioned proceeding.

## ANSWER

AECB answers the individually numbered paragraphs of the Complaint as follows:

## JURISDICTION, VENUE AND STANDING

1. In response to paragraph 1 of the Complaint, AECB states that the record of the Court speaks for itself, and AECB denies any allegation set forth in paragraph 1 that is inconsistent therewith.

2. AECB admits the allegations set forth in the first and final sentences of paragraph

12101883v1

2 of the Complaint.  In response to the second sentence of paragraph 2, AECB admits that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and denies the remaining allegations set forth therein.  AECB further states that to the extent any claim asserted in the Complaint is not a core proceeding, AECB consents to the entry of final judgment and order by the Bankruptcy Court in this Adversary Proceeding.

    3.    AECB admits the allegations set forth in paragraph 3 of the Complaint.

    4.    In response to paragraph 4 of the Complaint, AECB states that the record of the Court speaks for itself, and AECB denies any allegation set forth in paragraph 4 that is inconsistent therewith.

## PARTIES

    5.    In response to paragraph 5 of the Complaint, AECB states that the record of the Court speaks for itself, and AECB denies any allegation set forth in paragraph 5 that is inconsistent therewith.

    6.    In response to paragraph 6 of the Complaint, AECB states that the address of CT Corporation System is 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, and admits the remaining allegations set forth in paragraph 6.

## FACTUAL ALLEGATIONS

    7.    AECB denies the allegations set forth in paragraph 7 of the Complaint.

## COUNT I:  SECTION 549 PREFERENTIAL TRANSFERS

    8.    AECB restates and incorporates by reference its responses set forth in the preceding paragraphs 1 through 7 as if fully set forth herein.

    10.    [*sic*]  AECB is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. AECB is without knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. AECB denies the allegations set forth in paragraph 12 of the Complaint.

## COUNT II:  SECTION 550 RECOVERY

13. AECB restates and incorporates by reference its responses set forth in the preceding paragraphs 1 through 12 as if fully set forth herein.

13. [*sic*]  AECB denies the allegations set forth in paragraph 13 of the Complaint.

14. AECB denies the allegations set forth in paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

AECB asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 549 and 550, and by this failure has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to sue the correct legal entity or entities that did business with, or that received or benefited from transfers by, the Debtor.

### Third Affirmative Defense

To the extent a Debtor transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were intended by the Debtor and such transferee to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges.

### Fourth Affirmative Defense

To the extent a Debtor transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtor and such transferee or (ii) made according to ordinary business terms.

### Fifth Affirmative Defense

To the extent that a Debtor transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee.

### Sixth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, under the applicable statute of limitations.

### Seventh Affirmative Defense

An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

### Eighth Affirmative Defense

AECB denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from AECB.

**Ninth Affirmative Defense**

AECB reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, AECB respectfully requests that the Court enter an order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of AECB and against the Plaintiff with respect to all matters before this Court, and that AECB be granted such other and further relief as the Court deems just, equitable, and proper.

THIS the 4th day of April, 2018.

Respectfully submitted,

**AMERICAN EXPRESS CENTURION BANK**

By:  /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:  (601) 510-2939
Email:  DNOBLE@MMQNLAW.COM

## **CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this the 4th day of April, 2018.

      /s/ *Douglas C. Noble*