# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-00297-NPO |
| | CHAPTER 7 |
|    OPUS MANAGEMENT GROUP | |
|    JACKSON, LLC, | |
|    REORGANIZED DEBTOR | |
| | |
| OPUS MANAGEMENT GROUP JACKSON, | |
| LLC, IN ITS CAPACITY AS DISBURSING | |
| AGENT FOR OPUS MANAGEMENT GROUP | |
| JACKSON, LLC, | |
| REORGANIZED DEBTOR, | |
| | |
|         Plaintiff, | |
| | |
| v. | ADV. PROC. NO. 18-00010-NPO |
| | |
| AMERICAN EXPRESS CENTURION BANK, | |
| | |
|         Defendant. | |

## DEFENDANT'S INITIAL DISCLOSURES

Defendant American Express National Bank f/k/a American Express Centurion Bank[1] ("American Express" or "Defendant"), by and through its undersigned counsel, provides these Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026:

## RESERVATIONS

1. These disclosures are based upon information reasonably available to American Express as of this date. Continuing investigation and discovery may alter these disclosures.

---

[1] On April 1, 2018, American Express Centurion Bank changed its name to American Express National Bank. *See,* https://www.occ.treas.gov/topics/licensing/interpretations-and-actions/2018/interpretations-and-actions-jan-2018.html. *See also*, 12 U.S.C. § 35; 12 CFR 5.24.

12222722v1

Accordingly, American Express reserves the right to supplement the information disclosed below if additional information becomes available.

2. By making these disclosures, American Express does not represent that any particular document exists within its possession, custody or control.

3. These initial disclosures are made without waiver of, or prejudice to, any objections American Express may have. American Express expressly reserves all evidentiary and other objections, including, but not limited to, objections on the grounds of (a) relevance, (b) attorney-client privilege, (c) the attorney work-product doctrine, (d) any other applicable privilege or protection under federal or applicable state law, (e) undue burden, (f) immateriality, and (g) overbreadth.

4. American Express reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

5. American Express expressly reserves the right to identify and call as witnesses additional persons other than those listed below, if, during the course of discovery and investigation relating to this adversary proceeding, American Express learns that such additional persons have knowledge of relevant matters.

6. These initial disclosures are made subject to and without limiting any of the foregoing reservations.

## **INITIAL DISCLOSURES**

1. In accordance with Fed. R. Civ. P. 26(a)(1)(A)(i), the following persons may have discoverable information that American Express may use to support its defenses to the claims asserted in the Plaintiff's *Complaint*:

    (a)    Custodian of Records
American Express Travel Related Services Company, Inc.
200 Vesey Street
New York, NY 10285

The Custodian of Records, who may be contacted through undersigned counsel for American Express, has knowledge of how the relevant statements of account, cardmember agreement, and other business records are maintained and the ability to provide and authenticate the information contained in the statements of account and related records for the account at issue in this adversary proceeding.

    (b)    In addition, American Express presumes that certain representatives of the Debtor are in possession of information that is relevant to the claims and defenses at issue in this proceeding, including, without limitation, the individual cardholders on the account to which the transfer at issue was applied in payment, including but not limited to Mitchell C. Barrett, as well as any financial professionals engaged by the Plaintiff, and anyone identified in Plaintiff's Initial Disclosures.

    2.    In accordance with Fed. R. Civ. P. 26(a)(1)(A)(ii), the categories of documents in American Express' possession, custody or control that it may use to support its defenses primarily include, but are not necessarily limited to, statements of account and remittance records with respect to the card account at issue, the cardmember agreement relating to that account, and documents filed in the related Chapter 7 case. If necessary as further investigation and discovery continue, American Express will supplement this Disclosure in accordance with the Federal Rules of Civil Procedure.

    3.    In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), American Express has not made a claim for damages against Plaintiff.

4.      In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iv), American Express is unaware of any insurance agreements relevant to this action.

THIS the 8th day of May, 2018.

Respectfully submitted,

**AMERICAN EXPRESS NATIONAL BANK F/K/A AMERICAN EXPRESS CENTURION BANK**

By:  /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:   (601) 510-2939
Email:  DNOBLE@MMQNLAW.COM

and

Darryl S. Laddin (*pro hac vice*)
**Arnall Golden Gregory, LLP**
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363
Telephone:  (404) 873-8716
Facsimile:   (404) 873-8717
Email:  darryl.laddin@agg.com

**CERTIFICATE OF SERVICE**

  I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

  SO CERTIFIED, this the 8th day of May, 2018.

                 _/s/ *Douglas C. Noble*_